**SO ORDERED.**

**SIGNED this 29 day of June, 2010.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# RALEIGH DIVISION

IN RE:

MICHAEL T. DAVIS, and
DEBRA W. DAVIS,                          CASE NUMBER: 09-10198-8-JRL
                                         Chapter 11
    DEBTORS.


IN RE:

MTD INVESTMENTS, INC.,                   CASE NUMBER: 10-02711-8-JRL
                                         Chapter 11
    DEBTOR.

_____

## ORDER

The case is before the court on the Bankruptcy Administrator's motion for appointment of a Chapter 11 trustee pursuant to 11 U.S.C. § 1104 in both cases. On June 16, 2010, the court conducted a hearing on this matter in Raleigh, North Carolina.

## BACKGROUND

MTD Investments, Inc. ("MTD") filed its petition under Chapter 11 of the Bankruptcy Code on November 23, 2009. MTD is a corporation organized for the purpose of purchasing, managing, developing and selling real estate. More specifically, MTD builds and sells modular home

packages. Michael T. Davis ("male debtor") serves as president and is responsible for all aspects of the operation of the corporation. He and his wife Debra Davis filed their individual Chapter 11 petition on November 23, 2009.

On May 18, 2010, the Bankruptcy Administrator (the "BA") filed a motion to appoint a chapter 11 trustee pursuant to § 1104(a)(1) of the Bankruptcy Code. The BA presented two arguments in support of her motion. First, the BA asserts that a trustee is needed because a grand jury indicted the male debtor for felony construction fraud in the Circuit Court of Sussex County in the Commonwealth of Virginia on May 6, 2010. The violation was based on Virginia Code § 18.2-200.1.[1] The male debtor failed to return any portion of the payment of $122,094.00 given to MTD for the construction and delivery of a modular home package. The buyer, Esther Bull (the "buyer"), withdrew from the contract and sent MTD a letter requesting a refund on February 24, 2010. Second, the BA asserts that a trustee is needed because of the male debtor's gross mismanagement of the MTD finances. The male debtor entered a 30-day short term financing scheme with Dr. Valencia J. Williams (the "lender") through her father, allegedly her agent (the "agent"), to cover his working capital needs. On February 28, 2008, the male debtor wrote the lender two postdated checks of $65,000.00 and $3,500.00, representing the principal amount borrowed and the agreed-upon interest. At the hearing, the male debtor confirmed that he instructed the agent not to negotiate the two checks for 30 days, during which time he anticipated closing a pending real estate transaction

---

[1] The following are the five elements of the offense: (1) obtaining an advance of money from another person; (2) a fraudulent intent at the time the advance is obtained; (3) a promise to perform construction or improvement involving real property; (4) a failure to perform the promise; and (5) a failure to return the advance within 15 days of a request to do so by certified mail to the defendant's last known address or his address listed in the contract. Va. Code Ann. § 18.2-200.1 (2010).

and acquiring the funds necessary to cover the debt. On April 29, 2008, when the lender deposited the checks in her checking account, she was advised that the male debtor had ordered Southern Bank to issue a stop payment on both checks. The male debtor contends that he had informed the lender's agent of the stop payment before the checks were presented for payment. The checks were never honored.

At the hearing, the BA emphasized that the crime the male debtor was indicted for involved fraud. For that reason, § 1104 of the Code requires the court to appoint a trustee to protect the interests of the creditor.[2] In addition, the BA contends that the male debtor's handling of the financing operation with the lender is indicative of mismanagement and provides cause for the appointment of a trustee.

The male debtor objects to the appointment of a Chapter 11 trustee. He argues that the creditors of the estate have not been harmed by the issuance of the bill of indictment and that MTD has made and continues to make adequate protection payments to the secured creditors of the estate. Furthermore, with regard to the modular home sale contract that resulted in the indictment, the male debtor asserts that the buyer breached the contract and requested a refund. The male debtor contends that he offered to issue the buyer a refund in the amount of approximately $90,000.00 with the remaining balance of the buyer's payment being withheld to cover incurred expenses. It is the male debtor's position that the buyer refused to accept the downward-adjusted refund he offered . With respect to the short term loan, the male debtor asserts that he informed the lender's agent that the real estate transactions, for which the borrowed funds were used, did not close as expected and the funds

---

[2]BA was supported in this motion by AgCarolina Financial and the Internal Revenue Service, both present by counsel at the hearing on June 16, 2010.

would not be available.

## DISCUSSION

In a Chapter 11 reorganization case, "[t]here is a strong presumption that a debtor should remain in possession absent a showing of need for the appointment of a trustee. In re The 1031 Tax Group, LLC, 374 B.R. 78, 85 (Bankr. S.D.N.Y 2007) (citing In re Ionosphere Clubs, Inc., 113 B.R. 164, 167 (Bankr. S.D.N.Y.1990)). The debtor's estate is administered by the debtor-in-possession, who has all of the same rights, powers, and duties of a trustee. This is consistent with "the overriding philosophy of Chapter 11, which is to give the debtor a second chance." Committee of Dalkon Shield Claimants v. A.H. Robins Co., Inc., 828 F.2d 239, 240-41. However, under § 1104(a)(1) of the Bankruptcy Code, the court will order the appointment of a trustee "for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management . . . ." 11 U.S.C. § 1104(a)(1). "The clearest examples [where appointment of a trustee is warranted] are those in which the debtor or its managers have engaged in serious fraud or dishonesty, or have grossly mismanaged the business." 7 Collier on Bankruptcy ¶ 1104.02[1], (Alan N. Resnick & Henry J. Sommer, eds, 15th ed. Rev. 2007). The court has discretionary authority to determine whether a debtor's conduct rises to a level sufficient to warrant the appointment of a trustee. A.H. Robins Co., Inc., 828 F.2d at 242. The moving party has the burden of showing, by clear and convincing evidence, that cause as defined by § 1104(a)(1) exists. In re The 1031 Tax Group, LLC, 374 B.R. 78, 85 (Bankr. S.D.N.Y., 2007) (citing In re Euro-American Lodging Corp., 365 B.R. 421, 426 (Bankr. S.D.N.Y., 2007). See also In re Evans, 48 B.R. 46, 47 (Bankr. Tex. 1985) (stating the movant is required to show, by clear and convincing evidence, that there is a necessity for the court to appoint a trustee). "[T]he construction of § 1104 'requires that the courts be given

discretionary authority to determine whether the conduct rises to the level of cause'." Id. at 86 (citing A.H. Robins Co., Inc., at 241 (4th Cir. 1987)). However, once the court makes a finding that cause exists under § 1104(a)(1), "there is no discretion; an independent trustee must be appointed." Id. (citing In re V. Savino Oil & Heating Co., Inc., 99 B.R. 518, 525 (Bankr. E.D.N.Y. 1989)).

Based on the facts as presented, the court finds that the male debtor failed to show good faith when he withheld the buyer's refund. There may have been good faith originally in the transaction, but that was negated when the male debtor left the funds in MTD's account and later used them to cover operating expenses. After the buyer withdrew from the contract, the male debtor knew that he was holding approximately $90,000.00 of the buyer's funds by his own computation. Although the male debtor asserts that he was prepared to issue a refund, he failed to provide any evidence showing that the funds were available when he made the offer or were otherwise set aside to meet this obligation.

The court has grave concerns over the male debtor's handling of the short-term loan, which was highly irregular by the male debtor's own characterization. The male debtor acknowledged that on both checks he left the payee fields blank because he did not know who the payees were. The male debtor also confirmed that there were three different handwritings on the checks, each filling in a different field. This is evidence of gross mismanagement that is further exacerbated by the male debtor's order to stop payment on the checks when they were presented on the indicated dates.

Based on the foregoing findings of fact, the court concludes that cause exists under 11 U.S.C. § 1104. The facts support a finding of fraud, incompetence and gross mismanagement by the male debtor, which therefore requires the court to appoint a chapter 11 trustee.

**"END OF DOCUMENT"**